Daniels, J.
The infant defendant in whose behalf the present application has been made, was made a defendant in this action as a judgment creditor of the mortgagor. A guardian ad litem, was appointed to look after and protect his interests.
But he had neither knowledge nor notice of the appointment until after final judgment had been recovered and entered in the case.
Since then he has been chargeable with no want of diligence in making the application for leave to answer ; and on the papers presented there could ordinarily be no good reason assigned for a denial of the application.
The party in interest is an infant, and it is the duty of the court to see to it that he shall not suffer in his estate by any inattention on the part of its officers. That he may not be prejudiced unless the right to contest the plaintiff’s claim by an answer shall be accorded, is far from being clearly shown in the case. His jndg *266 ment has become a lien upon the real estate owned by the railway company in the county of Niagara. Whether the mortgages or either of them held by the plaintiff against the property of that company became a lien upon the same, or were prior in point of right, the counsel appeared unwilling clearly to admit; and that was more especially the case as to the effect upon it of the judgment entered in this action.
It may well be considered, therefore, to be a subject open to controversy, and being so it would seem to be most consonant to the consummation of an effectual foreclosure that the point of priority should be determined and declared by the judgment before any sale of the property should be allowed. That would ordinarily be the course which ought to be pursued.
But by way of reply to the application made for leave to answer, it has been proposed that the foreclosure judgments shall be so far amended as to declare that it shall not prejudice the right of this infant to collect and enforce liis judgment out of any property not lawfully held by or under the plaintiffs’ mortgage. This offer, perhaps, should not be allowed to defeat the motion, for it would leave the infant subject to a contest which he could not safely encounter. But a further proposal has been added to strike his name wholly out of the foreclosure proceeding. That will leave him free to assert any claim he ■ may be deemed entitled to maintain.
He will be placed by that act in the precise condition that he would occupy if no foreclosure had been commenced, and as the plaintiff is under no obligation to carry on the litigation for his benefit, this ought to be considered as a sufficient reason for denying the application now made on his behalf.
■ The discussion in this case took- a very wide range, involving the regularity of the plaintiff’s proceedings *267 and of the judgment entered in the case. But on disposing of the motion made, these objections will not require consideration.
The default has been satisfactorily excused and the guardian ad litem, should have liberty to serve an answer in the case, unless the proceedings shall within ten days be so amended as to strike out the infant’s name as a party to "the action. If that shall be done then the motion made will be denied. But if the plaintiff shall not elect to take that course and give notice of such election to the guardian’s attorneys, then the guardian shall be at liberty to answer within ten days after the expiration of the period within which the election of the plaintiff must be made.
Order accordingly.*

 The order (omitting title and recitals), Was as follows ;
Ordered, That the said motion be, and it hereby is granted, and the said judgment be and it hereby is vacated and set aside, unless within ten days after tb e entry of this order all the proceedings in this action be amended by striking out therefrom the names of the said infant defendant, William Zaggel, and of Charles B. Germain as Ms guardian ad litem, as parties to the action ; and by striking out all provisions in the said judgment foreclosing or affecting the rights and remedies of said infant under his judgment against the Erie Railway Company ; and unless the plaintiff shall elect so to amend the said proceedings and judgment, and give notice of such election to said guardian’s attorneys, Laning, McMillan and Gluck, within ten days from the entry of this order, then the said guardian shall be at liberty to answer the complaint within ten days after the expiration of the time herein allowed to the plaintiff within which to make such election.
And it is further ordered that in case the plaintiff shall so elect and give notice, and the said proceedings and judgment shall be so-amended within ten days, then the said motion shall be denied.
And the plaintiff having in open court now elected to amend and change the said judgment in the manner aforesaid, and notice thereof being given to the counsel for said infant and said guardian ad litem, it is ordered that the said judgment be, and the same hereby is, so changed and amended, and the name of said infant defendant is *268 hereby stricken out of the said judgment roll, and the complaint, arid notice of Ik pendens and other papers in said action, and that said action be and the same hereby is discontinued as to Mm. And also in the same respects as to Ms said guardian ad litem. And it is further ordered that the said motion for leave to answer be, and the same hereby is denied, and that this order be attached to and made a part of the judgment roll in this action.